TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000104-KB

MICHAEL A. HAMILTON                                                    MOVANT
KBA MEMBER NO. 89471

V.                          IN SUPREME COURT,

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

Movant, Michael A. Hamilton, is a suspended member of the Kentucky

Bar Association ("KBA"). His member number is 89471 and his bar roster

address is 300 E. Main Street, Suite 400, Lexington, Kentucky 40507. Movant

was suspended from the practice of law in the Commonwealth of Kentucky on

January 16, 2015, for non-payment of his KBA dues for the 2014-2015 fiscal

year. Movant requests that this Court grant his motion for an enlargement of

time in which to appeal his suspension. In the alternative, Movant seeks

extraordinary relief in the form of reinstatement to the practice of law.

In his motion, Movant explains to the Court the financial circumstances

underlying his inability to pay his KBA bar dues. For example, in 2013,

Movant discovered that his paralegal was embezzling money from his law firm.

Thereafter, in September of 2013, Movant was injured in an automobile

accident and suffered a severe brain injury. As a result, he was unable to work

for approximately five months. Upon his recovery, Movant decided to close his

law firm. In the fall of 2014, Movant began working at the law firm of Fogle Keller Purdy, PLLC, located in Lexington, Kentucky.

Movant insists that the embezzlement, loss of work, and transition to his new job rendered him unable to pay his bar dues by the final payment date of September 1, 2014. For those reasons, Movant claims to have applied for a financial hardship waiver as provided for in Supreme Court Rule ("SCR") 3.040(4). We must note that Movant has not provided this Court with proof that he actually submitted a request to the KBA for a financial hardship waiver. As time went by, Movant did not receive any information concerning the status of his waiver request. Movant assumed that the KBA's silence meant that his waiver was approved and that he was relieved of paying his bar dues.

The KBA maintains that Movant did not submit a waiver request. Since Movant failed to make payment by September 1, 2014, he received two "Blast" emails notifying him that his bar dues were delinquent. The KBA provided the Court with copies of these "Blast" emails, two of which were sent to Movant from Michele Pogrotsky, KBA Director of Accounting and Membership. The first email was sent on October 7, 2014, to the email address Movant provided to the KBA. Movant claims that he did not receive this email. Michele Pogrotsky sent another "Blast" email to Movant on November 6, 2014.[1]

---

[1] While Movant's motion claims that the email concerning his delinquent bar dues was from KBA Membership Representative Carol Cobb, records reveal that it was actually Michele Pogrotsky that sent the November 6, 2014, email.

2

Movant admits that he received the second "Blast" email. In response, Movant emailed KBA Membership Representative Carol Cobb on November 11, 2014. Movant explained that he was unable to pay his bar dues and that he had previously requested a hardship waiver. In the email, Movant admitted that he may have been "confused" about whether he actually applied for the waiver and asked for confirmation that his waiver was received. Movant's November 11, 2014, email was forwarded to KBA Membership Representative, Jan Higginbotham. On November 12, 2014, Ms. Higginbotham responded to Movant via email and explained that the KBA had no record of his waiver request. Ms. Higginbotham then explained the steps Movant would need to take in order to obtain a waiver and prevent suspension. As with the other emails, Movant alleges that he did not receive Ms. Higginbotham's November 12, 2014, email. This Court has a copy of the email and it shows that Ms. Higginbotham correctly sent the email to Movant's email address at Fogle Keller Purdy, PLLC. Nevertheless, Movant believed the KBA's silence meant that his waiver was either pending or had been approved.

On November 24, 2014, the KBA Board of Governors voted to issue a Show Cause Notice of Delinquency (the "Notice"), which provided Movant with thirty (30) days to show cause why he should not be suspended for non-payment of dues. The Notice was mailed via certified letter to Movant's bar roster address, which at the time was listed as his former law office. Unsurprisingly, the Notice was returned as "Not Deliverable as Addressed." It

3

was not until December 23, 2014, that Movant updated his email and bar roster mailing address.

On December 30, 2014, the Notice was once again sent to Movant via certified mail. This time the Notice was mailed to Movant's updated address. However, Movant still did not receive the Notice as it was once again returned to the KBA due to an "Insufficient Address." It appears that the Notice was returned to the KBA because the address label did not include the suite number directing the postal worker to Movant's office. We do not know who is at fault for this mistake. It is likely that the KBA failed to properly address the Notice, but it is also entirely possible that Movant failed to include the suite number when updating his official bar roster address.[2]

On January 14, 2015, the KBA made one last attempt to notify Movant of his impending suspension. Karen Cobb claims that she called Movant at his business telephone number but there was no answer, so she left a message on his voicemail. Movant states that he did not receive this message. On January 16, 2015, having not received Movant's bar dues or waiver request, the KBA suspended Movant from the practice of law pursuant to SCR 3.050. Movant was unaware of his suspension until February 24, 2015, when he accessed the KBA's website to check the amount of CLE credits he had obtained. At that time, Movant discovered that he was suspended for the non-payment of his bar dues. The very next day, Movant filed the motion currently before the Court. As stated, Movant requests that we either provide him an extended period of

_____

[2] Movant's official bar roster address currently includes a suite number.

4

time in which to file an appeal of his suspension, or we impose extraordinary relief in the form of reinstating him to the practice of law.

In support of Movant's motion for reinstatement, he directs us to *In re KBA Membership Status of Steele,* 864 S.W.2d 908 (Ky. 1993). In that case, we restored the attorney, Steele, to the practice of law after she was suspended for failure to pay bar dues. Steele was temporarily stationed at a military base in Alabama. Due to the short duration of her stay, Steele thought it was unnecessary to change her bar roster address. However, for some unexplained reason, the KBA sent her dues notice to the Alabama address even though Steele had already returned to her home in Kentucky. The Court concluded that the KBA failed to notify Steele of her dues or provide her with an opportunity to make payment. After recognizing that "no record keeping system is perfect[,]" we granted the KBA's motion for extraordinary relief and restored her to the practice of law.

For several reasons, we find the situation in *Steele* to be distinguishable from Movant's situation. In *Steele*, extraordinary relief was warranted because the non-payment of dues occurred "through no fault of" the attorney. In fact, it was the KBA who sought Steele's reinstatement. In the case before us, however, it cannot be said that Movant is blameless. Movant was well aware that bar dues were to be paid by September 1st and that a hardship waiver would need to be requested in order to avoid discipline. After all, the KBA's records reflect that Movant has been in this predicament before. He was delinquent in paying his annual bar dues for the 2004-2005, 2007-2008, and

5

2010-2011 fiscal years. Moreover, Movant was informed back in November of 2014 that the KBA had not received his waiver request. Even assuming that Movant did not receive the KBA's emails, mailings, and voicemail, he did admit to receiving the November 6, 2014, "Blast" email from Michele Pogrotsky. Any reasonable attorney would have contacted the KBA after receiving such an email, as it insinuated that the KBA was unaware of the waiver request.

After receiving the November 6, 2014, "Blast" email, it was incumbent upon Movant to obtain the KBA's confirmation that it did indeed receive his waiver request, especially in light of the fact that Movant had changed office locations and email addresses. Instead, Movant did nothing. In failing to obtain the KBA's confirmation, Movant perpetuated the misunderstanding which he now, only after the fact, wishes to resolve. Consequently, we deem it only fair to require Movant to follow the customary path of reinstatement which is detailed in SCR 3.050. While this Court sympathizes with Movant's financial situation, it does not compel a bending of our well-settled rules.

On the other hand, we find Movant much more deserving of an enlargement of time in which to appeal the KBA's order of suspension. Movant was not provided with a copy of the order of suspension. Consequently, he was unaware that the thirty-day window to file an appeal had begun on January 16, 2015. Pursuant to SCR 3.050, "a member may appeal to the Supreme Court of Kentucky from such suspension within thirty (30) days of the date the suspension notice is recorded in the membership records. Such appeal shall include an affidavit showing good cause why the suspension should be

6

revoked." Since Movant was unknowingly suspended from the practice of law on January 16, 2015, we must now provide him with a thirty-day period in which to file an appeal.

For the aforementioned reasons, this Court denies Movant's motion for extraordinary relief in the form of reinstatement to the practice of law. This Court does, however, grant Movant's motion for an enlargement of time in which to appeal the KBA's order suspending him from the practice of law.

Therefore, it is ORDERED that:

1. The motion of Movant, Michael A. Hamilton, KBA member number 89471, for extraordinary relief in the form of reinstatement to the practice of law is denied.

2. Movant shall have thirty (30) days from the entry of this Order to file an appeal of the January 16, 2015, order suspending him from the practice of law in the Commonwealth of Kentucky.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE

7